IGLESIAS ET AL., PETICIONARIOS Y APELANTES, *v.* SIACA, SECRETARIO EJECUTIVO DE PUERTO RICO, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en un recurso sobre *mandamus*.

No. 1790.—Resuelto en julio 13, 1918.

ASOCIACIONES QUE NO TIENEN POR FIN UN BENEFICIO PECUNIARIO—CAPITAL SOCIAL.—No habiéndose provisto capital por acciones en el presente caso,

pues la condición de los socios fundadores es más bien la de un número de condueños que contribuyen a los fondos de la asociación y son protegidos y garantizados de acuerdo con el alcance de sus contribuciones, convenimos en que dicha asociación no confiere a sus miembros acciones en el ordinario sentido de la palabra, sino que tiene capital en el sentido de que cualquier asociación que tiene fondos debe tener capital.

Por el espíritu de la ley en su totalidad se puede corroborar que su fin principal es la incorporación de asociaciones que no tienen un fin pecuniario.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. José A. Poventud.*

Abogados del apelado: *Sres. Howard L. Kern, Attorney General; Salvador Mestre, Fiscal de la Corte Suprema,* y *Jaime Sifre, Jr., Fiscal Especial.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Los apelantes, deseando constituir, según alegan, una asociación que no tiene por objeto un beneficio pecuniario, presentaron sus artículos de incorporación al demandado, el Secretario Ejecutivo de Puerto Rico, quien rehusó expedir certificado, porque, según alegó, dichos artículos de incorporación eran contrarios a la ley en cuanto a los particulares referentes a la creación, representación y liquidación del capital o haber de la corporación; también en cuanto a la limitación de votos a los fundadores de la asociación, y también en tanto en cuanto dichos artículos proveen respecto a votos por delegación.

La controversia principal ha sido sostenida en cuanto a la interpretación del artículo 12 de la Ley No. 22 de 1911 "para incorporar asociaciones que no tengan por objeto beneficios pecuniarios." Dicho artículo provee como sigue:

"Artículo 12.—*Otras disposiciones que podrán aplicarse.*—Las disposiciones de los artículos 34, 39, 51, 54, 55, 56, 57, 58, 59, 60, 61 y 62 del Código Civil, serán aplicables a las asociaciones que no tengan por objeto un beneficio pecuniario, con las modificaciones que fueren necesarias por el hecho de que dichas asociaciones carecen de capital social por acciones y están compuestas de asociados y no de accionistas."

Mantiénese por el demandado que el No. II de dichos artículos viola el expresado artículo, en cuanto provee la formación de un capital por acciones. La cláusula alegada es como sigue:

"Serán socios fundadores aquellos médicos que sean admitidos por la Junta Directiva y que contribuyan con la suma mínima de CINCUENTA DOLLARS, o sus múltiplos, al fondo o capital de la asociación, para los fines de la misma, constituyendo cada cincuenta dollars satisfechos una acción representativa del expresado capital, o de los bienes que adquiera la asociación * * *. A cada socio fundador se le librará *un título que le acredite como tal,* autorizado con las firmas del presidente y secretario de la asociación y librado bajo el sello de la misma, en el que se hará constar el nombre, apellido y residencia del socio, el número y valor de las acciones que haya satisfecho, y la fecha de la expedición del título, el que se ajustará a la forma, y podrá contener las demás circunstancias, que acordare la junta directiva. * * *

"Los títulos de socios fundadores SERÁN INTRASMISIBLES por acto inter-vivos, DARÁN DERECHO A UN SOLO VOTO a su tenedor, *irrespectivamente del número de acciones que comprendan,* y serán librados de un libro talonario que llevará el secretario de la asociación, haciéndose constar en el talón el nombre, apellido y residencia del socio, el número y montante de las acciones satisfechas, así como la fecha de la expedición del título, debiendo dejarse un espacio en blanco para anotar la cancelación del título y el libramiento de otro en su lugar, cuando algún socio fundador tomare y pagare mayor número de ACCIONES, SEGÚN AQUÍ SE DEFINEN, de las que especifique su título o certificado.

"En caso de DISOLUCIÓN Y LIQUIDACIÓN de esta asociación, sólo participarán en el activo o bienes de la misma, después del pago de las deudas, que hubieren, los socios fundadores en proporción al número de acciones que comprenda o mencione el título de cada cual."

Convenimos con los apelantes en que lo que ellos confieren a sus miembros no son acciones en el ordinario sentido de la palabra y que la asociación solamente tiene capital en el sentido en que cualquier asociación que tiene fondos debe tener capital. No se ha provisto capital por acciones. La condición de los socios fundadores es más bien la de un número de condueños, que contribuyen a los fondos de la aso-

ciación y son protegidos y garantizados de acuerdo con el alcance de sus contribuciones.

Además, no vemos que el artículo 12 contenga prohibición alguna. Quizás presume que las asociaciones corrientes que no tienen por fin un beneficio pecuniario no tienen capital social, pero sólo advierte al Secretario que debe hacer concesiones por la variedad que hay entre las corporaciones.

Estamos corroborados en esta opinión por el espíritu de la ley en su totalidad. Su fin principal es la incorporación de asociaciones que no tienen un fin pecuniario. No se alega ni siquiera se sugiere que la asociación que se proyecta tenga algún otro fin. Las cláusulas niegan semejante supuesto. Es una asociación de médicos con fines científicos.

Los artículos 2 y 3 de la ley disponen lo siguiente:

"Artículo 2.—*Formación, Certificado de Incorporación.*—Cinco o más personas que deseen asociarse para fines científicos, literarios, artísticos, políticos, religiosos, fraternales, benéficos, educativos, de recreo, o cualesquiera otros lícitos, que no tengan por objeto un beneficio pecuniario, podrán hacer, firmar y reconocer ante un notario u otro funcionario autorizado para tomar y certificar reconocimientos, y presentar para su archivo en la oficina del Secretario de Puerto Rico, un certificado en el cual se hará constar:

"*Primero*. El nombre o título por el cual ha de ser reconocida legalmente la asociación, pero no se adoptará ningún nombre que esté ya usando otra corporación o asociación o que sea a él tan parecido que pueda dar lugar a confusión o incertidumbre, ni se inscribirá ningún nombre que pueda dar lugar a que se engañe al público en lo concerniente a los fines o alcance de cualquiera de esas asociaciones.

"*Segundo*. El sitio donde haya de establecerse la oficina principal de la asociación en la isla de Puerto Rico.

"*Tercero*.—El período por el cual se constituye, si su duración estuviera limitada.

"*Cuarto*. El fin o fines para que se organiza la asociación.

"*Quinto*. Los nombres y dirección postal de los incorporadores.

"*Sexto*. El número de sus síndicos o directores, que no será menor de cinco.

"*Séptimo*. Los requisitos y condiciones necesarios para ingresar como socio.

"*Octavo*. Los recursos con que la asociación cuenta o con que se proponga atender a sus gastos.

"Dicho certificado contendrá los artículos de incorporación de la sociedad, asociación o club.

"*Artículo 3.—El Certificado Podrá Contener Otras Disposiciones.*—Si los incorporadores así lo desean el certificado podrá contener disposiciones determinando las condiciones que han de reunir los oficiales o cualquiera otra cláusula para la dirección y gobierno de los negocios de la asociación, así como cualquier limitación o reglamentación de las facultades de los oficiales de la asociación que los incorporadores quieran insertar, siempre que no estuvieren en contradicción de la ley."

Estos artículos son una completa determinación de facultades a cualquier asociación no para fines pecuniarios, para organizarse y regular la admisión de socios en cualquier forma que no sea inconsistente con las leyes generales de Puerto Rico. Si hubiera algo en la sección 12 que fuera ligeramente inconsistente, no podría prevalecer contra el objetivo general de la ley.

Nadie está obligado a entrar en la asociación y por tanto no hace diferencia alguna el que los directores hayan querido establecer distintas clases de socios, ni que el gobierno de los asuntos y bienes de la asociación quede bajo la dirección de una clase determinada de miembros.

En cuanto a los votos por delegación, los mismos principios generales son aplicables. La ley no prohibe el uso de representantes, los que son directamente autorizados por la carta constitutiva.

La sentencia apelada debe ser revocada, expidiéndose un auto perentorio de *mandamus*.

> *Revocada la sentencia apelada y expedido un*
> *auto perentorio de* mandamus.

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.